**James F. PATON, Appellant,**

v.

**J. C. ROSE and Agnes L. Rose, Appellees.**

No. 3218.

District of Columbia Court of Appeals.

Submitted May 13, 1963.

Decided June 5, 1963.

James F. Paton, pro se.

No appearance for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellant as landlord filed suit pro se against certain tenants for an alleged breach of their rental agreement and demanded a jury trial. Thereafter, at pretrial, it was ascertained that he was not a member of the bar. The pretrial judge commented on the difficulties inherent in a jury trial under these circumstances and stated he would not let the case be set on the jury calendar. He offered appellant the alternative of an opportunity to retain counsel to present his case or to withdraw his jury demand. Faced with having to make an election, appellant agreed to a nonjury trial and pretrial was accordingly discontinued.[1] It does not appear that at this time appellant formally or otherwise objected to the rulings of the pretrial judge or claimed that he was indigent and unable to pay counsel fees. However, five days later he filed notice of appeal. In a subsequent conference with the pretrial judge, he again refused opportunity to retain counsel as a condition precedent to having his case placed on the jury calendar, insisting on his right to personally appear before a jury as his own attorney.

1. The reason being not because of appellant's failure to submit a pretrial statement, as he contends, but solely because he had withdrawn his jury demand. Pretrials are not required for nonjury cases.

There being substantial agreement on the facts, the only question on appeal is whether it was error for the pretrial judge to deny appellant the right to a trial by jury unless he first retained an attorney to represent him. We think it was error.

Right to trial by jury in the District of Columbia, whether in civil or criminal cases, is protected by the Seventh Amendment to the Constitution of the United States.[2] It is further assured by Section 11–715 of the District of Columbia Code, 1961, which provides for a jury trial to litigants "[W]hen the value in controversy in any action pending in said municipal court shall exceed $20 * * *."

Inherent is the right of every litigant to use this right in the prosecution or defense of any action. GS–Rule 75(d) of the District of Columbia Court of General Sessions (formerly the Municipal Court for the District of Columbia) seems to confirm this. The rule provides: "Nothing in these rules shall be construed to prevent any person from prosecuting or defending any action in his own behalf if he be without counsel."

■ We are satisfied that any person who wishes to act as his own lawyer in a civil or criminal action in which he is a party has a right freely and voluntarily to do so without inhibition and restriction by the court, even though from a practical standpoint it would be better for the litigant and for orderly trial procedure if he were represented by an attorney trained in law and·in trial practice.

Although appellant has the right to try his own case before a jury if he so elects, he must not expect or seek concessions because of his inexperience and lack of trial knowledge and training and must, when acting as his own lawyer, be bound by and conform to the rules of court procedure in jury trials, equally binding upon members of the bar.

For the reasons stated we must reverse the denial of appellant's right to try his own case before a jury and remand for appropriate procedure incident to placing it on the jury calendar for trial.

It is so ordered.

2. Capital Traction Co. v. Hof, 174 U.S. 1, 5, 19 S.Ct. 580, 43 L.Ed. 873.