PRYOR, Chief Judge:
 

 In this appeal, appellant Melvyn S. Durham contends that the trial court abused its discretion in dismissing his complaint as a sanction for his attorney’s failure to appear at a pretrial conference. For the reasons stated below, we reverse and remand the case for further proceedings.
 

 I
 

 In a complaint dated August 6, 1980, appellant filed suit against the District of Columbia and certain Metropolitan Police Department officers 'charging assault and battery, false arrest, and false imprisonment.
 

 Following a period of discovery, a number of attempts were made over approximately one and a half years to schedule a pretrial conference. A pretrial conference was initially set for May 27, 1982. At appellees’ request, the court granted a continuance and rescheduled the pretrial conference for September 28, 1982. Pretrial statements were filed by both sides on September 27, 1982. On September 28, 1982, the trial judge assigned to the case recused himself,
 
 sua sponte,
 
 and the pretrial conference was again rescheduled, this time for April 26, 1983. The case, however, for reasons attributable to both parties, was delayed once again.
 

 A new pretrial conference was set for January 19,1984 at 10:15 a.m. On January 19, the trial judge and counsel for appellees waited approximately one hour for appellant’s attorney to appear at the scheduled conference. When appellant’s attorney did not appear, the trial judge orally granted appellees’ motion to dismiss appellant’s complaint for failure to prosecute.
 

 On March 2, 1984, appellant filed a motion to reinstate the complaint. In his motion, appellant stated that on the morning of January 19, 1984, his attorney was scheduled to appear in a number of unrelated matters in the Superior Court and the United States District Court. Appellant’s attorney telephoned the Superior Court’s Chief Judge’s chambers and utilized the “call-in system.”
 
 [1]
 
 According to appellant’s motion, his attorney also “checked in” with the Civil Assignment office regarding his civil matters for the
 
 *1333
 
 day, which included the pretrial conference in this case. At approximately 11:15 a.m., after having attended to a matter in another courtroom, appellant’s counsel proceeded to the pretrial conference, where he was advised by the trial judge’s secretary that the case had been dismissed.
 

 On April 13, 1984, the court entered an order denying appellant’s motion to reinstate the complaint.
 

 Appellant then filed a motion for reconsideration on April 20, 1984. This motion was essentially identical to appellant’s March 2 motion to reinstate the complaint. By order dated April 30, 1984, the trial court denied this motion as well. Appellant filed his notice of appeal on May 11, 1984.
 
 [2]
 

 II
 

 The sole issue presented in this case is whether the trial court abused its discretion in imposing the severe sanction of dismissal following appellant’s counsel’s failure to attend a pretrial conference. Because the trial court made no findings on the record explaining the basis for its order, we must conclude that the court did not properly exercise its discretion.
 

 The order of dismissal states simply that “upon consideration of the oral motion to dismiss for lack of prosecution ... [it is ordered] [t]hat the motion ... is hereby granted without prejudice.”
 
 [3]
 
 At first glance, this language could suggest that, the trial court relied upon Super.Ct.Civ.R. 41(b), dealing with dismissal for failure to prosecute, in imposing the sanction against appellant.
 
 [4]
 
 Because the order of dismissal, however, was entered immediately following plaintiff’s counsel’s failure to appear at the January 19 pretrial conference, Super. Ct.Civ.R. 16-11 is more directly applicable to the trial court’s order. In any event, the significance of which rule the trial court relied upon is minimal because our analysis and decision in this case would be similar under either rule.
 

 Rule 16-11 states as follows:
 

 If counsel or a party proceeding
 
 pro se
 
 fails to appear at a pretrial, settlement, or status conference, the court may enter a default, a dismissal of the case with or without prejudice, or take such other action, including the imposition of penalties and sanctions, as may be deemed appropriate.
 

 This court has not had a previous opportunity to interpret Rule 16 — 11. The rule, however, is close in purpose and language to Rule 41(b),
 
 see supra
 
 note 4, and Rule 37(b) (sanctions for failure to comply with discovery orders)
 
 [5]
 
 and we look to our decisions interpreting those rules for guidance in construing Rule 16-11.
 

 
 *1334
 
 Rule 16-11, like Rules 41(b) and 37(b), enumerates a number of sanctions, varying in severity, to be imposed for a party’s failure to attend a pretrial conference. The rule does not specify criteria for selecting the sanction to be imposed in any particular instance of noncompliance. By its language, the rule places within the discretion of the trial court the decision of which sanctions to impose.
 
 [6]
 
 As with Rules 41(b) and 37(b), the trial court’s decision in this area will be disturbed only for an abuse of discretion.
 
 See Taylor v. Washington Hospital Center,
 
 407 A.2d 585 (D.C.1979),
 
 cert. denied,
 
 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980);
 
 Beckwith v. Beckwith,
 
 379 A.2d 955, 958-59 (D.C.1977),
 
 cert. denied,
 
 436 U.S. 907, 98 S.Ct. 2239, 56 L.Ed.2d 405 (1978). While the discretion vested in the trial court to select appropriate sanctions is broad, it is not unlimited. Thus, in the context of Rule 41(b) we have stated that notwithstanding this court’s limited scope of review, “[w]e may not ... uphold a dismissal with prejudice ... absent some showing that the trial court has complied with the guidelines we have set forth for the exercises of discretion to dismiss under that rule.”
 
 LaPrade v. Lehman,
 
 490 A.2d 1151, 1155 (D.C.1985).
 

 It is axiomatic that the trial court must exercise its discretion prudently and must design any sanction to fit the violation in question.
 
 See
 
 6 C. WRIGHT & A. Miller, Federal Practice and Procedure § 1524, at 266 (Supp.1985). The trial court must be especially cautious where it chooses to impose the very severe sanction of dismissal. Dismissal should be imposed “sparingly.”
 
 Frazier v. Center Motors, Inc.,
 
 418 A.2d 1018, 1020 (D.C.1980);
 
 Beckwith v. Beckwith, supra,
 
 379 A.2d at 959. Such caution is a reflection primarily of our well-established preference for deciding cases on their merits.
 
 See, e.g., Garces v. Bradley,
 
 299 A.2d 142, 144 (D.C.1973).
 

 In order to ensure that the sanction of dismissal is utilized sparingly, it is necessary that before the trial court dismisses a complaint under Rules 41(b) or 37(b), it must first consider whether less severe sanctions are justified and impose a lesser sanction where appropriate.
 
 Braxton v. Howard University,
 
 472 A.2d 1363, 1365 (D.C.1984);
 
 Taylor v. Washington Hospital Center, supra,
 
 407 A.2d at 590. Lesser sanctions include,
 
 inter alia,
 
 a warning, a fine, the imposition of costs or attorney’s fees, and the transference of the case to a subsequent pretrial calendar. Dismissal is only appropriate upon some showing of willful and deliberate delay by the plaintiff.
 
 LaPrade v. Lehman, supra,
 
 490 A.2d at 1155. Moreover, before dismissal is warranted, the court must determine that ap-pellee was prejudiced by appellant’s delay.
 
 See Braxton v. Howard University, supra,
 
 472 A.2d at 1366;
 
 Jackson v. Washington Monthly Co.,
 
 186 U.S.App.D.C. 288, 291-92, 569 F.2d 119, 122-23 (1977).
 

 In the present case, the trial court made no findings on the record with respect to any of the factors discussed above. Nor have appellees articulated to this court any prejudice which they suffered as a
 
 *1335
 
 result of appellant’s counsel’s failure to appear at the pretrial conference,
 
 [7]
 
 or any evidence of willful conduct by appellant or his attorney. Without such findings, we cannot determine whether dismissal was warranted in this case.
 
 [8]
 

 The record before us suggests that the only basis for the court’s sanction was the failure of appellant’s counsel to appear for the January 19 pretrial conference. While we do not decide at this time whether appellant’s conduct justified dismissal, we observe that many federal courts that have addressed this issue have concluded that a singular absence from a pretrial conference with no other evidence of dilatoriness on the part of the plaintiff is an insufficient basis for the sanction of dismissal.
 
 See, e.g., Tolbert v. Leighton, supra,
 
 623 F.2d at 585;
 
 Gonzalez v. Firestone Tire & Rubber Co., supra,
 
 610 F.2d at 241;
 
 Silas v. Sears, Roebuck & Co., supra,
 
 586 F.2d at 382;
 
 Dove v. Codesco,
 
 569 F.2d 807 (4th Cir.1978). However, where there has been evidence of other dilatory or contumacious conduct, appellate courts have held that dismissal under those circumstances was
 
 not
 
 an abuse of discretion.
 
 See, e.g., Lang v. Wyrick,
 
 590 F.2d 257 (8th Cir.1978);
 
 Rung v. FOM Investment Corp.,
 
 563 F.2d 1316 (9th Cir.1977);
 
 Zavala Santiago v. Gonzalez Rivera,
 
 553 F.2d 710 (1st Cir.1977);
 
 Murrah v. Fire Insurance Exchange,
 
 480 F.2d 613, 614 (5th Cir.1973);
 
 Beshear v. Weinzapfel,
 
 474 F.2d 127 (7th Cir.1973);
 
 Hyler v. Reynolds Metal Co.,
 
 434 F.2d 1064 (5th Cir.1970),
 
 cert. denied,
 
 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971);
 
 Provenza v. H & W Wrecking Co.,
 
 424 F.2d 629 (5th Cir.1970).
 

 In sum, it is generally agreed that, in exercising the discretion duly entrusted to a trial court in this area, a judge must state the reasons for the sanctions imposed. Given the varied demands upon a trial judge, the explanation may be concise but should highlight evidence in the record reflecting unjustified delays, or noncompliance with the court’s rules, attributable to appellant or his attorney.
 

 The court is mindful of the erosive effect of significant delays and added costs which can be caused by attorneys who fail to appear, fully prepared, at scheduled court events, and particularly at pretrial conferences. It was specifically this kind of conduct which formed the basis for the promulgation of Rule 16-11. Moreover, despite the similarities among Rule 16-11 and the other court rules dealing with sanctions, we do not lose sight of the fact that Rule 16-11 was enacted in light of, and in addition to, Rules 41(b) and 37(b), in order to address the special problem of parties who fail to appear at pretrial or status conferences. We expressly recognize that the sanctions set out under Rule 16 — 11, including dismissal when appropriate, must be freely available so as not to eviscerate the rule. Nevertheless, the trial court must carefully balance the burden on the administration of justice against the strong public policy of deciding cases on the merits.
 

 
 *1336
 
 Thus, in light of the sparse record in this case, and in the absence of any findings on the record by the trial court explaining the basis for its order, we cannot affirm the extreme sanction imposed by the trial court.
 
 See, e.g., Fischer v. Buehl,
 
 450 F.2d 950, 951 (3d Cir.1971) (per curiam).
 

 Accordingly, we reverse and remand this case for further proceedings in accordance with this opinion.
 

 So ordered.
 

 [1]
 

 . The call-in system was established to allow attorneys with a number of matters in the courthouse to apprise the court of their schedule. In this regard. Memorandum No. 50 from Chief Judge H. Carl Moultrie I to Judges (August 20, 1980), states in pertinent part:
 

 Effective September 3, 1980, a telephone call service is herewith established for lawyers practicing before the Superior Court. Lawyers with multiple appointments for the same hour may call telephone numbers 727-1855, 727-1856, 727-1577 or 727-1599, between the hours of 7:45 a.m. and 8:45 a.m., Monday through Friday, giving the following information: Name, unified bar number, names of the cases pending and the courts before whom the lawyer is due to appear.
 

 At 8:50 a.m. each morning, Monday through Friday, a typewritten list will be delivered to each courtroom clerk of the judges listed.
 

 Judges are asked to adhere to Civil Rule 104 which governs conflict in engagement of counsel and particularly Rule 104(b) Section 5.
 

 In addition to the call-in program, copies of special notification forms will be available for counsel to use to submit to judges in lieu of the call-in system.
 

 We note that neither party has argued that the call-in system can substitute for a timely request for a continuance.
 

 [2]
 

 . The January 19, 1984 order dismissing appellant’s complaint was not microfilmed, and hence not entered, pursuant to Super.Ct.Civ.R. 59, 79(a), until April 16, 1984.
 

 As a result of this administrative delay, appellant’s motion for reconsideration and notice of appeal were filed in a timely fashion.
 
 See
 
 D.C. App.R. 4 11(a)(1) (requiring that an appeal in a civil case be noted within thirty days of entry of the judgment or order from which the appeal is taken); Super.Ct.Civ.R. 59 (ten day period in which to file motion to alter or amend judgment). Accordingly, we review appellant's claim on the merits.
 

 [3]
 

 . The order also stipulates that the defendant’s counterclaim is dismissed without prejudice.
 

 While on its face the court’s order dismissed appellant’s action without prejudice, the dismissal effectively operates as a bar to appellant ever bringing his claims again because the one-year statute of limitations had run on appellant's claims at the time the case was dismissed.
 
 See
 
 D.C.Code § 12-301 (4) (1981).
 

 [4]
 

 . Super.Ct.Civ.R. 41(b) states in pertinent part:
 

 INVOLUNTARY DISMISSAL: ... For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.
 

 [5]
 

 . The similarity among these rules is also reflected in the analogous three federal rules.
 

 For example, many federal courts have relied on Fed.R.Civ.P. 41(b), which is substantially identical to the corresponding Superior Court rule, when imposing sanctions for a party’s absence at a pretrial conference.
 
 See, e.g., Tolbert v. Leighton,
 
 623 F.2d 585 (9th Cir.1980);
 
 Gonza
 
 
 *1334
 

 lez v. Firestone Tire & Rubber Co.,
 
 610 F.2d 241 (5th Cir.1980);
 
 Silas v. Sears, Roebuck & Co.,
 
 586 F.2d 382 (5th Cir.1978);
 
 see also
 
 Fed.R.Civ.P. 16(f) advisory committee note; Note,
 
 Dismissal for Failure to Attend a Pretrial Conference and the Use of Sanctions at Preparatory Stages of Litigation,
 
 73 Yale L.J. 819, 827-29 (1963).
 

 Similarly, Fed.R-Civ.P. 16(f)—a counterpart to Super.Ct.Civ.R. 16-11—which was added in 1983 to expressly provide for imposing sanctions on parties who do not appear at pretrial conferences, incorporates by reference portions of Fed. R.Civ.P. 37(b)(2), which prescribes sanctions for failing to provide discovery.
 

 [6]
 

 . While Rules 16-11, 37(b), and 41(b), expressly codify the trial court’s power to impose sanctions on recalcitrant or disobedient parties, we note that the trial court’s power to impose such sanctions arises from its inherent power to manage its calendar and dispose of its caseload.
 
 Link v. Wabash Railroad Co.,
 
 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).
 

 [7]
 

 . Although appellees do not point to any prejudice they suffered as a result of the unsuccessful pretrial conference, they urge us to affirm the dismissal of appellant's case on the basis of one instance where appellant delayed discovery. The record reflects that appellees moved for an order to compel discovery on March 9, 1981. Approximately one month later, by order dated April 6, 1981, the trial court granted appellant's unopposed motion for leave to file answers to interrogatories — appellant’s answers having been submitted to the court on March 20, 1981 —and denied appellees’ motion to compel as moot.
 

 In the absence of findings, we cannot determine whether the trial court considered the March 9, 1981 incident in dismissing appellant’s complaint.
 

 [8]
 

 . For example, the record does not reflect — and the trial court did not find — that counsel’s compliance with the call-in system was an insufficient effort in light of counsel’s responsibilities to attempt to avoid conflicts pursuant to Super. Ct.Civ.R. 16-I(j) or 104(c).