**Evangeline SAMM, Appellant,**

v.

**Trina GRINA & Plaza West Co–Op Association, Inc., Appellees.**

Nos. 87–731, 87–732.

District of Columbia Court of Appeals.

Argued April 12, 1988.

Decided June 10, 1988.

Evangeline Samm, pro se.

Sanford A. Friedman, for appellees. Keith M. Bonner, Washington, D.C., filed a brief, for appellees.

Before PRYOR, Chief Judge, and NEWMAN and STEADMAN, Associate Judges.

PER CURIAM.

Appellant Evangeline Samm filed this lawsuit as a *pro se* litigant in August, 1984.

On March 12, 1987, the trial court dismissed the case because of Samm's failure to attend a pretrial conference. Samm argues that on the record before us, dismissal was an improper sanction. We agree and reverse.

A pretrial conference was scheduled for 9:30 a.m. on March 12, 1987. Samm failed to appear at that time. The court waited until 3:00 p.m. and then *sua sponte* ordered that the case be dismissed for Samm's failure to attend the pretrial conference. The dismissal was recorded in an entry on the docket sheet, but was unamplified of record, by hearing, findings of fact, written order or otherwise. Samm filed a motion for reconsideration, explaining that she mistakenly thought that the pretrial conference was scheduled for April 12 rather than March 12. The trial court denied this motion for reconsideration without explanation.

Though Super.Ct.Civ.R. 16–II authorizes dismissal as a sanction for a party's failure to appear at a pretrial conference,[1] this court has made clear that the sanction of dismissal "should be imposed 'sparingly.'" *Durham v. District of Columbia,* 494 A.2d 1346, 1350 (D.C.1985). Recognizing the broad discretion of the trial court to select appropriate sanctions, we nevertheless held that the trial court must first consider less severe sanctions before ordering the dismissal of a case. We also noted as relevant factors to a dismissal decision whether there was willful and deliberate delay by the appellant, and whether appellee was prejudiced by appellant's delay. *Id.* As in the present case, the appellees in *Durham* had not articulated any prejudice suffered as a result of the appellant's failure to appear, nor had they offered any significant evidence of willful conduct on the part of the appellant or his attorney. *Id.* at 1350–51. Because the trial court had not made any findings on the record with re-

---

1. Rule 16–II states as follows:

    If counsel or a party proceeding *pro se* fails to appear at a pretrial, settlement, or status conference, the court may enter a default, a dismissal of the case with or without prejudice, or take such other action, including the imposition of penalties and sanctions, as may be deemed appropriate.

spect to these or other factors, we reversed and remanded the case for further proceedings. *Cf.,* dealing with entry of default judgment for discovery abuse, *District of Columbia v. Greene,* 539 A.2d 1082 (D.C. 1988); *Lyons v. Jordon,* 524 A.2d 1199 (D.C.1987). The circumstances of the present case being virtually indistinguishable from *Durham,* the same disposition is called for.

Accordingly, we reverse and remand this case for further proceedings in accordance with this opinion.

*So ordered.*