Mildred SOLOMON, Appellant,

v.

## FAIRFAX VILLAGE CONDOMINIUM IV UNIT OWNER'S ASSOCIATION, Appellee.

### No. 91–CV–953.

District of Columbia Court of Appeals.

Submitted Sept. 17, 1992.

Decided March 5, 1993.

Bernard A. Gray, Sr., Washington, DC, was on the brief, for appellant.

Benny L. Kass, Washington, DC, was on the brief, for appellee.

Before ROGERS, Chief Judge, FARRELL, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM:

On May 15, 1989, appellant Mildred Solomon filed this lawsuit as a *pro se* litigant against the Fairfax Village Condominium IV Unit Owner's Association, alleging wrongful foreclosure of her unit. In May 1990, a trial judge ordered that a pretrial conference be convened on August 28, 1990. A trial date was continued at appellant's request until November 1, 1990. After repeated delays, in January 1991, the trial judge suggested that appellant obtain counsel. Ultimately, a pretrial conference was scheduled for March 13, 1991.

Without notice to the court or to opposing counsel, appellant did not appear at the pretrial conference. In response to appellee's oral motion and pursuant to Super.Ct.Civ.R. 41(b), the judge dismissed the complaint with prejudice, "subject to reconsideration for good cause shown upon Motion therefore filed within 30 days." Appellant's Motion to Reconsider was denied, the judge noting that, as best he could determine, appellant based her request for relief primarily on the ground that she had not yet obtained counsel.

This appeal arises from the denial of the Motion for Reconsideration.

■ Super.Ct.Civ.R. 41(b) authorizes the trial court to involuntarily dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." The decision to impose such a sanction is left to the discretion of the trial court, to be overturned only where the court "impos[es] a penalty too strict or unnecessary under the circumstances." *Braxton v. Howard Univ.*, 472 A.2d 1363, 1365 (D.C.1984) (quoting *Himmelfarb v. Greenspoon*, 411 A.2d 979, 982 (D.C.1980)).

■ Of all the weapons in the judicial arsenal available to a trial court to discourage dilatory behavior during litigation, perhaps none is so lethal as a dismissal with prejudice. To ensure its sparing use, we have held that the court "must carefully balance the burden on the administration of justice against the strong public policy of deciding cases on the merits." *Durham v. District of Columbia*, 494 A.2d 1346, 1351 (D.C.1988). Specifically, dismissal is warranted only "upon some showing of willful and deliberate delay by the plaintiff," and a determination that "appellee was prejudiced by appellant's delay." *Id.* (citations omitted). *Accord Samm v. Grina*, 542 A.2d 836 (D.C.1988).

■ Super.Ct.Civ.R. 16 is of fairly recent vintage (though antedating this case), and was intended—via the pretrial scheduling order and pretrial conference—to place

civil cases on much more rigorous and formal track, in an effort to alleviate some of the languor which often plagues the civil calendar. By failing both to show up at pretrial conference and file a pretrial statement, appellant effectively left the judge with few alternatives. Aside from simply insisting that appellant proceed to trial where neither party nor the court can benefit from a pretrial conference and order, or simply overlook the double default and establish another pretrial schedule or conference, the only recourse was to strike the complaint. Rule 16 envisions that many parties will be unrepresented in civil suits, yet holds them to the obligations and imperatives it imposes on all litigants. It is a carefully crafted, detailed road map which parties must be expected to follow strictly, if the important underlying objectives are to be achieved. Our standards governing review of a dismissal under the rule, therefore, must reflect that imperative.

Rule 16(b)(6) provides, in pertinent part, that "[a]ll counsel and *all parties* must take the necessary steps to complete discovery and prepare for trial within the time limits established by the scheduling order." [1] (Emphasis supplied.) Rule 16(f), in turn, explicitly mandates that, absent excuse, both the "lead counsel" *and* "all parties" shall attend the pretrial and settlement conference. This rule explicitly includes "unrepresented parties." [2] The trial court dismissed the suit in part for appellant's failure to appear for the conference. Rule 16(d)(1) specifically requires the parties to file pretrial statements (joint or separate) as the court may direct. Appellant's failure to file a pretrial statement provided the second ground on which the judge dismissed the action.[3] Although, we have

held that a single failure to appear at a pretrial conference does not rise to the level of willful and deliberate, "where there has been evidence of other dilatory or contumacious conduct, appellate courts have held that dismissal under those circumstances was *not* an abuse of discretion." *Durham, supra*, 494 A.2d at 1351 (citations omitted) (emphasis in original). Here, while appellant's behavior cannot accurately be characterized as "contumacious," [4] we have little difficulty concluding that it was dilatory.

Having established the delay, the next point of inquiry centers around possibility of prejudice to appellee resulting from the delay. The record reflects that during the pendency of this case, appellee has been unable to collect any payments from plaintiff, as she remains on the property. As of February 5, 1991, there was a considerable, albeit unverified, balance owed of $19,-943.79. Inasmuch as such a sum is undisputed, appellee urges, and we agree, further continuation of this case would only serve to exacerbate an ongoing hardship and prejudice their interests.

Finally, recognizing the "varied demands upon a trial judge," we have held that the judge "should highlight evidence in the record reflecting unjustified delays, or noncompliance with the court rules, attributable to the appellant ..." *Durham, supra*, 494 A.2d at 1351. Here, the trial judge noted on the order denying Appellant's Motion for Reconsideration,

Plaintiff's claim that she needed more time than was granted pursuant to the original scheduling order and her unfounded belief that the pretrial confer-

---

1. Although the trial judge dismissed the case pursuant to Super.Ct.Civ.R. 41(b), Super.Ct.Civ.R. 16–II specifically authorized dismissal "[i]f counsel or a party proceeding pro se fails to appear at a pretrial, settlement, or status conference...."

2. Although appellant has the right to try h[er] own case ... if [s]he so elects [s]he must not expect or seek concessions because of h[er] inexperience and lack of trial knowledge and training and must, when acting as h[er] own lawyer, be bound by and conform to the rules

of court procedure ... equally binding upon members of the bar.
*Paton v. Rose*, 191 A.2d 455 (D.C.1963).

3. In light of the specific language of the rules (not to mention the scheduling orders referring to "required" appearances), appellant's argument that she interpreted the judge's advice to seek counsel as nullifying her duty to appear on March 13, 1991, is unpersuasive.

4. *I.e.*, stubbornly disobedient, rebellious. WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 286 (1985).

ence would be rescheduled do not justify reinstatement of this case. As of the date of her motion, and as best the court can determine as of the date of this order, plaintiff rests her inability to prosecute this case on the fact that she does not have an attorney.[5]

While not exhaustive, this explanation suffices. It buttresses a record revealing a history of extensive delay attributed to appellant in an action she initiated.

Accordingly, we are convinced that the dismissal did not represent an abuse of discretion.

*Affirmed.*

---

**5.** Although the trial judge may have fully advised appellant about the requirements of Rule 16, in the absence of a transcript, we cannot be certain of this. However, it behooves the trial court to make certain that a *pro se* litigant is fully aware of the requirements of Rule 16 and perhaps even to assure that the *pro se* litigant has a copy of the rule or, at minimum, advised of where a copy is available for his or her perusal.