**Joann D. NICKLES, Appellant,**

v.

**DISTRICT OF COLUMBIA,
et al., Appellees.**

No. 92–CV–405.

District of Columbia Court of Appeals.

Argued April 29, 1993.

Decided July 22, 1993.

---

Joann D. Nickles, pro se.

Phillip A. Lattimore, III, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Corp. Counsel, Washington, DC, were on brief, for appellees.

Before FERREN and FARRELL, Associate Judges, and KERN, Senior Judge.

KERN, Senior Judge:

Appellant, appearing *pro se*, challenges the pretrial dismissal of her complaint against the District of Columbia for want of prosecution. Appellant argues that the trial court abused its discretion in dismissing her complaint for her failure to appear at the initial pretrial conference. We reverse and remand for the reasons stated below.

Appellant initiated this action in a complaint dated May 14, 1991, against the Department of Public Works, the Bureau of Adjudication, and three of its employees seeking the recovery of her 1982 automo-

bile and $10,000 in damages.[1] On May 24, 1991, the trial court granted appellant's application for a writ of replevin, and on August 12, 1991, the trial court dismissed the complaint against the Department of Public Works and the Bureau of Adjudication for lack of jurisdiction. *See Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216 (D.C.1978) ("A noncorporate department or other body within a municipal corporation is not *sui juris*.").

The court also quashed service as well as dismissed the complaint as to defendant/employee Gwen Mitchell of the Bureau of Adjudication. On August 16, 1991, Ms. Nickles failed to appear at the initial scheduling and settlement conference regarding her complaint against the two remaining employees. The trial court dismissed the case for want of prosecution upon appellee's oral motion.[2]

In *Durham v. District of Columbia*, 494 A.2d 1346 (D.C.1985), appellant's attorney failed to appear at an initial pretrial scheduling conference, and the trial court granted appellee's motion to dismiss appellant's complaint for failure to prosecute. There, "the sole issue presented" was "whether the trial court abused its discretion in imposing the severe sanction of dismissal following appellant's counsel's failure to attend a pretrial conference." *Id.* at 1349. This court, in reversing the trial court's dismissal, held that "in exercising the discretion duly entrusted to a trial court in this area, a judge must state the reasons for the sanctions imposed. Given the varied demands upon a trial judge, the explanation may be concise but should highlight evidence in the record reflecting unjustified delays, or noncompliance with the court rules, attributable to appellant or his attorney." This court concluded that "in light of the sparse record, and in the absence of any findings on the record by the trial court explaining the basis for its order, we cannot affirm the extreme sanction imposed by the trial court." *Id.* at 1351, 1352.[3]

In the instant case the record, as was the case in *Durham*, is sparse and the trial court gave no indication of why it chose dismissal over less severe sanctions.[4] Under these particular circumstances we cannot affirm the extreme sanctions imposed by the trial court here. Accordingly, we reverse and remand this case for further proceedings in accordance with this opinion.

*So ordered.*

1. While the record before us is sparse, it appears that the Department of Motor Vehicles seized appellant's car on two separate occasions due to the accumulation of parking violations. After impounding the vehicle for the second time, Motor Vehicles apparently sold it at auction without notice to appellant.

2. Because the record is silent whether the dismissal is to be with or without prejudice, we follow Super.Ct.Civ.R. 41(b), which provides in relevant part:

   INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of Court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

3. *See Bussell v. Berkshire Assocs.*, 626 A.2d 22, 25 (D.C.1993) ("To ensure that dismissal is ordered only in cases of the most egregious violations of the discovery process, we required that the trial court somehow indicate that it has considered lesser sanctions.") (quoting *Braxton v. Howard Univ.*, 472 A.2d 1363, 1366 (D.C. 1984)) (internal quotations omitted). *Cf. Perry v. Sera*, 623 A.2d 1210, 1218 (D.C.1993) ("The trial court is not required to state its reasons for choosing dismissal over less severe sanctions, although if a trial court fails to state its reasons, appellate scrutiny ... will be stricter.") (citing *Ungar Motors v. Abdemoulaie*, 463 A.2d 686, 687 (D.C.1983)).

4. Appellee argues (Brief at p. 5) that appellant's explanation for failing to attend the initial conference "is simply not credible." However, the trial court made no credibility findings and no explanation for its order of dismissal.