Kenneth J. **REID**, et al., Appellants,

v.

**DISTRICT OF COLUMBIA,** Appellee.

No. 92–CV–721.

District of Columbia Court of Appeals.

Argued Oct. 19, 1993.

Decided Dec. 2, 1993.

---

**424**

James B. Miles, for appellants.

Rosalyn Calbert Groce, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellee.

Before TERRY, FARRELL, and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Appellants contend that the trial court abused its discretion in denying their motion to reinstate their case under Super.Ct.Civ.R. 60(b). The motion to reinstate followed the trial court's dismissal with prejudice of appellants' case on February 7, 1992 when neither appellants nor their attorney attended an initial scheduling and settlement conference.[1] We reverse and remand the case for further proceedings.

We recently reiterated the principle of longstanding that the decision to deny or grant a party's Rule 60(b) motion is within the discretion of the trial court. *Willie Watkins v. Carty's Automotive Electrical Center, Inc.*, 632 A.2d 109 (D.C.1993); *Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157 (D.C.1985). In reviewing the denial by the trial court of appellants' motion under Rule 60(b), "we do not review or determine the merits of the underlying action but only decide whether there has been an abuse of discretion by the trial court." *State Farm Mut. Auto. Ins. Co. v. Brown*, 593 A.2d 184, 185 (D.C.1991). However, because of the policy favoring resolution of litigation on the merits, "even a slight abuse of discretion in refusing to set aside a judgment may justify reversal." *Starling, supra*, 495 A.2d at 1159; *See also Alexander v. Polinger Co.*, 496 A.2d 267, 269 (D.C.1985); *Jones v. Hunt*, 298 A.2d 220, 221 (D.C.1972).

The trial court, in evaluating a Rule 60(b) motion, must consider the particular circumstances surrounding a case as follows:

whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense. Prejudice to the non-moving party is also relevant.

*Starling, supra*, 495 A.2d at 1159–60.

Appellants and their counsel claimed that they failed to appear at the initial scheduling and settlement conference because counsel, "unfamiliar with the new scheduling regime in the Civil Division," was unaware that the conference had been scheduled. Notice of the date and place of the conference was stapled by a clerk in the Civil Division office to the back of one of several copies of a five page summons and complaint returned to counsel at the time the complaint was filed. Because counsel did not look through the returned papers, which minutes earlier he had given to the clerk, he never saw the notice.

Upon discovery of the dismissal, appellants moved to reinstate their case pursuant to

---

1. The trial court's order dismissing the complaint was an appealable "final order" under D.C.Code § 11–721(a)(1) (1989). However, appellants failed to file a timely appeal under D.C.App.R. 4(a). Accordingly, the only issue properly before this Court is whether the trial court abused its discretion in denying appellants' motion pursuant to Rule 60(b). *See State Farm Mut. Auto. Ins. Co. v. Brown*, 593 A.2d 184, 185 (D.C.1991) ("It is a longstanding and basic principle that 'a motion under Rule 60(b) may not be utilized as a substitute for an appeal.'" (quoting *Joseph v. Parekh*, 351 A.2d 204, 205 (D.C.1976) (per curiam))); *Colbert Refrigeration Co., Inc. v. Edwards*, 356 A.2d 331, 334 (D.C.1976) ("Rule 60(b) ... cannot be used as a substitute for appeal.").

Appellant asserts that the trial court's dismissal of the complaint was intended to be without prejudice but had the practical effect of a dismissal with prejudice because by the time of dismissal the statute of limitations had expired. We need not explore this issue, however, because the record nowhere indicates that the dismissal was intended to be without prejudice. *See* Super.Ct.Civ.R.R. 41(b) (unless trial court otherwise specifies, dismissal normally operates as adjudication upon the merits).

Rule 60(b)(1), which states, in pertinent part, that the "Court may relieve a party ... from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Appellants claimed that their counsel's actions constituted mistake and/or excusable neglect, warranting reinstatement. Appellee's opposition to appellants' motion to reinstate averred that because appellants' attorney had failed to appear at another initial conference of a different case involving the same family and had not filed the motion to reinstate until three months after the dismissal, the motion should be denied. The trial court denied the appellants' motion "for the reasons stated in defendant's opposition to the motion."

"This Court has long emphasized that the trial court has a responsibility to inquire where matters are raised which might entitle the movant to relief under Rule 60(b)." *Starling, supra,* 495 A.2d at 1162. A review of the record indicates that in denying appellants' motion to reinstate the case, the trial court did not consider the factors enumerated in either Rule 60(b)(1) or in *Starling.* There was no inquiry by the trial court into whether appellants' counsel's actions constituted mistake, inadvertence, surprise or excusable neglect which would justify setting aside the order of dismissal. Moreover, there was no inquiry into whether appellants had actual notice of the proceedings, acted in good faith, and took prompt action; nor was there any inquiry as to possible prejudice to the non-moving party or a recognition by the trial court of "evidence in the record reflecting unjustified delays, or non-compliance with the court rules, attributable to the appellant...." *Solomon v. Fairfax Village Condo. IV,* 621 A.2d 378, 380 (D.C.1993) (per curiam) (quoting *Durham v. District of Columbia,* 494 A.2d 1346, 1351 (D.C.1985)).

Like the Court in *Starling, supra,* and *Newman v. Universal Enterprises,* 129 A.2d 696, 700 (D.C.1957):

> We feel that a proper inquiry by the trial court might well persuade it that mistake, inadvertence, excusable neglect, or some of the other grounds enumerated in the rule, would justify setting aside this judgment;

in any event this type of inquiry should be undertaken.

Accordingly, we reverse the judgment of the trial court dismissing the motion to reinstate the complaint and remand the case for further proceedings.

*So ordered.*