John H. STUCKEY, Appellant,

v.

M. Abraham AHMAD, et al., Appellees.

No. 92–CV–1431.

District of Columbia Court of Appeals.

Argued March 1, 1994.

Decided July 28, 1994.

Arthur M. Wagman, Rockville, MD, for appellant.

Stephen R. Himelfarb, Rockville, MD, with whom Lane H. Potkin, Washington, DC, was on the brief, for appellees.

Before TERRY, STEADMAN, and SCHWELB, Associate Judges.

STEADMAN, Associate Judge:

This is an appeal from an order denying appellant's Super.Ct.Civ.R. 60(b) motion to vacate an order dismissing his case after neither he nor his counsel appeared at a scheduling conference.[1] The dismissal was predicated upon the fact that plaintiff, "having received notice of the hearing, failed to appear or to request a continuance."[2]

It is undisputed on appeal, however, and we therefore assume as established, that the sole reason that appellant's counsel failed to appear was because no notice of the conference was ever sent to him,[3] that he was entitled to such notice, and that he promptly filed the Rule 60(b) motion upon learning of the dismissal. With respect to appellant himself, the notice sent to him specifically stated that "[a]ll counsel and *unrepresented* parties shall appear" before the trial court at the appointed time and day. (emphasis added). Appellant therefore could rightly assume that his presence was not required, and we think it asking too much of clients to compel them to inform their own counsel of every notice received during the litigation, at peril of dismissal of the case.

The trial court's order denying the Rule 60(b) motion does not address the failure of appellant's counsel to receive notice, as asserted in the motion and not disputed by appellees, but simply reiterates without elaboration that "notice of the conference was sent to all parties, including plaintiff," and that "plaintiff had notice of the hearing and once again failed to appear or to request a continuance."[4]

Rather, the trial court appears to have declined to grant the motion principally because of "the inordinate length of time plaintiff has taken to prosecute the litigation" and "the obvious prejudice to the defendants caused by the fading of witnesses' memories over the nearly five years the litigation has been pending." However, these assertions had been the subject of a motion by appellees to dismiss which had been denied by the trial court about three months previously, just prior to setting the scheduling conference. The only thing that appears to have changed in the meantime was appellant's counsel's failure to appear at the scheduling conference. The trial court's grant of the renewed motion of dismissal at a hearing of which appellant's counsel received no notice cannot retain validity in the face of a well-founded Rule 60(b) motion.[5]

We have several times in recent years vacated trial court dismissals for failure to attend a pretrial conference, noting that in such circumstances, the sanction of dismissal "should be imposed sparingly." *Samm v.*

1. Because a Rule 60(b) motion does not toll the time within which to take an appeal, the precise issue before us is whether the trial court abused its discretion in denying the motion to vacate and not the merits of the underlying motion to dismiss. *Reid v. District of Columbia,* 634 A.2d 423, 424 n. 1 (D.C.1993).

2. The order read in full:

   By court order this matter was calendared for a hearing and initial scheduling conference on April 24, 1992. Plaintiff[ ], having received notice of the hearing, failed to appear or to request a continuance. Accordingly, on the motion of the defendants, it is this 18th day of September, 1992, ORDERED that this case is dismissed without prejudice for want of prosecution.

   (Emphasis in original).
   The date of April 24, 1992, was erroneous. The conference actually was scheduled for September 18, 1992. In their opposition to the Rule 60(b) motion, appellees faulted appellant for also using the April 24 date, but the mistake is understandable, given the order.

   Although the dismissal was technically without prejudice, appellant at oral argument indicated that difficulties with service of process as well as possible limitations problems made a renewed filing of the complaint problematical. A dismissal without prejudice is, of course, normally of different impact from one with prejudice. At the urging of this court at oral argument, both counsel agreed to meet to see whether a mutually agreeable disposition of the appeal might be arrived at, but regrettably reported to us subsequently that such efforts had been fruitless.

3. The record contains copies of the notices of the scheduling conference sent out by the clerk's office; no notice to appellant's counsel is included.

4. Counsel for appellees acknowledged at oral argument that the trial court was in error in thinking that this constituted a repeated failure to appear.

5. We express no views with respect to the disposition of a properly presented motion to dismiss for want of prosecution.

*Grina,* 542 A.2d 836, 836 (D.C.1988) (per curiam) (internal quotations omitted); *Durham v. District of Columbia,* 494 A.2d 1346, 1350 (D.C.1985). While indisputably counsel can be held to faithful compliance with scheduling orders, the failure to appear at a conference of which one has received no notice cannot support such a dismissal.

Recently, in *Reid v. District of Columbia,* 634 A.2d 423 (D.C.1993), we had occasion to review a trial court's denial of a Rule 60(b) motion to reinstate a complaint, dismissed for plaintiffs' and their attorney's failure to appear at a scheduling conference. We noted there the long-standing emphasis of this court that " 'the trial court has a responsibility to inquire where matters are raised which might entitle the movant to relief under Rule 60(b).' " *Id.* at 425 (quoting *Starling v. Jephunneh Lawrence & Assoc.,* 495 A.2d 1157,

1162 (D.C.1985)).[6] In setting aside the denial of the Rule 60(b) motion, we also noted four particular circumstances which *Starling* required a trial court to consider, including "whether the movant (1) had actual notice of the proceedings." 495 A.2d at 1159. On the record before us, we likewise, as precedent dictates, must vacate the order denying the Rule 60(b) motion and remand the case for further proceedings consistent with this opinion.

*So ordered.*

---

**6.** *See also Watkins v. Carty's Automotive Elec. Center, Inc.,* 632 A.2d 109 (D.C.1993) (remand for further consideration of denial of Rule 60(b) motion to set aside dismissal for want of prosecution because plaintiff did not appear for initial hearing, where plaintiff asserted he had never received notice); *Johnson v. Lustine Realty Co.,* 640 A.2d 708 (D.C.1994) (remand for further consideration of denial of Rule 60(b) motion to vacate default judgment where defendant did not appear at status hearing due to error in defendant's office).