**William F. PANICI, Appellant,**

v.

**Dagoberto Italo RODRIGUEZ, et al., Appellees.**

No. 94–CV–1168.

District of Columbia Court of Appeals.

Submitted Dec. 18, 1996.
Decided Jan. 30, 1997.

Tarrant H. Lomax, was on the brief for appellant.

Before FERREN, SCHWELB and REID, Associate Judges.

REID, Associate Judge:

Appellant William F. Panici appeals the trial court's denial of his motion for reconsideration and to reinstate his complaint which

was dismissed, *sua sponte,* due to his failure to appear at an initial scheduling conference. We reverse.

## FACTUAL SUMMARY

On April 2, 1993, appellant William F. Panici filed a complaint against appellees Dagoberto Italo Rodriguez and Italo Contractors, Inc., alleging breach of a home improvement contract, and the failure of appellees to have obtained the required home improvement license from the District of Columbia. Appellees filed an answer to the complaint on May 3, 1993. At the time of the filing, Mr. Panici received an initial order, which specified that an initial scheduling conference on the case would take place on July 9, 1993, at 9:30 a.m. in the trial court. Neither Mr. Panici nor appellees were present on July 9, 1993, for the conference and the trial court dismissed the complaint, *sua sponte,* for want of prosecution. No trial court order of dismissal appears in the record. Appellees' counsel maintained that he appeared late for the initial conference and was informed of the nonappearance of Mr. Panici and the dismissal of the case. Mr. Panici insists that he received no notice of the dismissal, and the record does not reflect the mailing of any notice or order of dismissal to either party.

Months later, apparently on December 22, 1993,[1] Mr. Panici realized that no action had been taken in his case. He contacted the trial court and was advised that his complaint was dismissed. He filed a motion for reconsideration and to reinstate the complaint on January 7, 1994, under Super.Ct.R. 60(b), citing this court's decision in *Reid v. District of Columbia,* 634 A.2d 423 (D.C.1993). Mr. Panici's counsel explained his failure to appear on July 9, 1993, as follows:

> The initial scheduling conference did not appear on any of the three calendars.... It appears that either the initial scheduling order was not returned with the Summonses or remained attached to the summons for service on Defendants without retention of a copy of undersigned counsel. In

either event, no "calendaring" or "tickle" record was prepared.

Appellees opposed the motion for reconsideration and to reinstate on the ground that they would be prejudiced by a reinstatement of the complaint because its witnesses and business associates had left the country, and because Mr. Panici failed to allege that his nonappearance at the initial conference was due to a mistake or excusable neglect.

The trial court denied Mr. Panici's request for a hearing, stating that "Plaintiff has provided the Court with insufficient information upon which to determine if a hearing is required on the motion." It also denied Mr. Panici's motion to reinstate the complaint, "without prejudice to renew with additional information." In denying the motion to reinstate, the trial court also stated:

> Plaintiff provides little or no basis for the non appearance.... Defendants proffer that reinstatement would be highly prejudic[ial] to them at this time since all of their witnesses are outside the United States. The Court credits the proffer.

The trial court denied Mr. Panici's motion, and its order was mailed on July 23, 1994. Mr. Panici filed a timely appeal.

## I.

◼ Although he appeals only the trial court's denial of his motion for reconsideration and to reinstate his complaint, Mr. Panici argues that the trial court abused its discretion "in imposing the severe sanction of dismissal following appellant's counsel's failure to attend a pre-trial conference." *Durham v. District of Columbia,* 494 A.2d 1346, 1349 (D.C.1985).[2] Superior Court Civil Rule 16–II provides that, "If counsel or a party proceeding pro se fails to appear at pretrial, settlement or status conference, the court may enter a default, a dismissal of the case with or without prejudice, or take such other action, including the imposition of penalties and sanctions, as may be deemed appropriate." However, we stated in *Durham,* that:

> It is axiomatic that the trial court must exercise its discretion prudently and must

---

1. Mr. Panici's brief erroneously states the date as December 22, 1994.

2. Appellees filed no brief with this court.

design any sanction to fit the violation in question. (citation omitted). The trial court must be especially cautious where it chooses to impose the very severe sanction of dismissal. Dismissal should be imposed 'sparingly.' (citations omitted). Such caution is a reflection primarily of our well-established preference for deciding cases on their merits. (citation omitted).

494 A.2d at 1350. We also said in *Durham* "that before the trial court dismisses a complaint ... it must first consider whether less severe sanctions are justified and impose a lesser sanction where appropriate." *Id.* (citing *Braxton v. Howard University*, 472 A.2d 1363, 1365 (D.C.1984)); *Taylor v. Washington Hospital Center*, 407 A.2d 585, 590 (D.C. 1979) (en banc), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980). Furthermore, we reiterated that "[d]ismissal is only appropriate upon some showing of willful and deliberate delay by the plaintiff." *Id.* (citation omitted).

Here, in dismissing Mr. Panici's complaint, *sua sponte*, in July 1993, when neither Mr. Panici nor appellees appeared at the status hearing, the trial court did not consider lesser sanctions than dismissal. Nor is there any indication in the record that the trial court determined, in July 1993, that Mr. Panici's failure to appear was an act of "willful and deliberate delay" and that appellees were "prejudiced by [Mr. Panici's] delay." *Id.* Indeed, there is no order of dismissal in the record.[3] Nor does the record, including the docket sheet, indicate that any notice or order of dismissal was ever mailed to Mr. Panici. Hence, technically, there is no order from which Mr. Panici could have taken a direct appeal.

## II.

▆ We conclude that the trial court abused its discretion in denying Mr. Panici's motion for reconsideration and to reinstate his complaint. After Mr. Panici's counsel discovered on December 22, 1993, that the complaint had been dismissed, he filed his motion for reconsideration and to reinstate

on January 7, 1994, and requested a hearing on his motion. Hence, he acted in a timely manner. In *Reid, supra*, we stated:

> The trial court, in evaluating a Rule 60(b) motion, must consider the particular circumstances surrounding a case as follows: whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense. Prejudice to the non-moving party is also relevant.

634 A.2d at 424 (citation omitted). *See also Johnson v. Berry*, 658 A.2d 1051, 1053 (D.C. 1995). Here, the trial court focused on prejudice to appellees, but did not consider the other factors in *Reid*, stating only that "[p]laintiff provides little or no basis for the nonappearance" and that "[p]laintiff has provided the Court with insufficient information upon which to determine if a hearing is required on the motion." In terms of the first three *Reid* factors, relating to whether appellant had actual notice of the proceedings, acted in good faith and took prompt action, the trial court did not focus on Mr. Panici's explanation that the initial scheduling conference did not appear on any of the three calendars maintained by his office, and that "either the initial scheduling order was not returned with the summonses or remained attached to the summons for service on Defendants without retention of a copy [by Mr. Panici's office]." This explanation was dismissed summarily as providing "little or no basis for nonappearance." Furthermore, in crediting appellees' proffer of prejudice, the trial court did not focus on the fact that Mr. Panici never received the order of dismissal because it was never mailed to the parties. As soon as he discovered that his complaint had been dismissed, Mr. Panici moved expeditiously to reinstate it. Under these circumstances, it is unfair to place the blame for appellees' alleged prejudice, traceable to their witnesses having left the country, squarely on Mr. Panici's shoulders. Had the notice of dismissal been duly mailed to the parties, Mr. Panici would have been in a position to file his motion to reinstate imme-

---

3. The only document which reflects a dismissal is the docket sheet containing the following entry for July 9, 1993, "Dismissed by Court for want of prosecution no appearance for S.S. (Jacket entry). By Graae, J."

diately, prior to the departure of the witnesses. Here, the dismissal, in effect with prejudice, and the denial of the motion to reinstate, albeit without prejudice to provide additional information, work an extreme hardship on Mr. Panici because he has been deprived effectively of an adjudication on the substance of his complaint. *See Starling v. Jephunneh Lawrence & Associates,* 495 A.2d 1157, 1161–62 (D.C.1985).

In adhering to the policy favoring adjudication on the merits, we have reversed cases involving much less than the multi-thousand dollar home improvement contract at issue in this case. In *Johnson v. Lustine Realty Company, Inc.,* 640 A.2d 708 (D.C.1994),[4] we reversed and remanded the denial of a motion to vacate a default judgment "when the only remaining issue was who would pay $63 in court costs" because "we [were] troubled by the judge's failure to consider more directly 'the strong judicial policy favoring adjudication on the merits of a case.'" 640 A.2d at 709. We have also vacated orders and remanded cases denying a Rule 60(b) motion for failure to attend scheduling and pre-trial conferences because "the sanction of dismissal 'should be imposed sparingly.'" *Stuckey v. Ahmad,* 644 A.2d 1377, 1378–79 (D.C.1994) (referencing and quoting *Samm v. Grina,* 542 A.2d 836 (D.C.1988) (per curiam) (other citation omitted)). In *Johnson v. Berry, supra,* the trial court dismissed appellant's complaint, made an entry on the court jacket and on the docket, but did not enter a written order and mail notice of dismissal to appellant's attorney. We reversed and remanded, saying *inter alia,* "even a slight abuse of discretion warrants reversal because courts universally prefer a trial on the merits" and "the failure to appear at an initial hearing or pretrial conference will rarely merit dismissal." 658 A.2d at 1053 (citations omitted).

---

**4.** In *Johnson, supra,* appellant's counsel failed to appear at a status hearing because of "an error in his own office": a praecipe regarding the status conference had been received but was misfiled. 640 A.2d at 709.

**5.** Because the trial judge failed to apply the correct legal standard to the issue before us, we could theoretically limit our mandate to a re-

Accordingly, because Mr. Panici never received the required notice of the dismissal of his case, explained why he did not appear at the initial scheduling conference, and acted promptly when he discovered the dismissal, and because the trial court did not apply the applicable *Reid* factors, and mindful of the proposition that "even a slight abuse of discretion warrants reversal because courts universally prefer a trial on the merits," *Johnson, supra,* 658 A.2d at 1053, we are constrained to conclude that the trial court abused its discretion in denying Mr. Panici's motion to reinstate his complaint. Hence, we reverse the judgment of the trial court and remand the case with instructions to reinstate the complaint.[5]

*Reversed and remanded.*

mand with directions to exercise her discretion in conformity with the correct standard, as specified in *Reid, supra,* and as directed in *Johnson, supra.* We decline to do so, however, because we discern nothing in the record warranting the drastic remedy of dismissal, even without prejudice.