**Tepper L. GILL, Appellant,**

v.

**HOWARD UNIVERSITY, Appellee.**

No. 00–CV–1407.

District of Columbia Court of Appeals.

Submitted March 26, 2002.

Decided June 12, 2002.*

---

Eric Steele, was on the brief, for appellant.

* The opinion issued in this case was originally unpublished. It is now being published by

William H. Butterfield, was on the brief, for appellee.

Before SCHWELB, FARRELL, and REID, Associate Judges.

PER CURIAM:

Before us is an appeal challenging the trial court's order of June 6, 2000, dismissing the complaint without prejudice and entering a default judgment against the plaintiff-appellant on the defendant's counterclaim. On March 27, 2002, we remanded the record to the trial court for an additional statement of reasons why the court had dismissed the complaint and entered the default judgment, in light of our decisions recognizing these to be "extreme sanctions" for the failure to appear at a pretrial conference. *See Durham v. District of Columbia,* 494 A.2d 1346, 1352 (D.C.1985). At the same time, we stated:

> [I]n determining what sanction, if any, to impose for failure to appear at a pretrial conference, the trial court need not consider that failure in a vacuum. "[O]ther evidence of dilatoriness" or "contumacious conduct" by the litigant, combined with the failure to appear, may establish "wilful[lness]" and hence a sufficient basis for dismissal. *Id.* at 1351. *See also Dobbs v. Providence Hosp.,* 736 A.2d 216, 220 (D.C.1999) (citations omitted); *Solomon* [*v. Fairfax Village Condominium IV Unit Owner's Ass'n,* 621 A.2d 378, 380 (D.C.1993) (citation omitted)].

We also stated that the trial court was free "to evaluate the authenticity of plaintiff's counsel's proffered reason for not appearing at the June 6 conference."

order of the court.

On remand, the trial court issued a detailed Order explaining the basis for her decision. She began by noting that "this case has a long history of plaintiff's apparent failure to prosecute his own case," and "further demonstrates an apparent failure on the part of plaintiff's counsel to abide by any of the timetables established for the prosecution of the case." In the course of reciting these failures, the court pointed out that it had previously "noticed a pattern of plaintiff's counsel seeking repeated and belated continuances of court events for reasons having only to do with his personal schedule and health issues." The court nonetheless explained that its dismissal for failure to appear at the June 6 pretrial conference had been without prejudice, "subject to reinstatement upon an assertion that the plaintiff was interested in pursuing his claims and upon some reasonable representations about where he was on the date of the pretrial conference on June 6, 2000." Those representations, the court explained, had never been forthcoming, despite subsequent opportunities including at the *ex parte* proof hearing. Perhaps most significantly, the court found that plaintiff's counsel's stated reason for not having appeared at the pretrial conference was false: contrary to his assertion, he "had never been subpoenaed to appear in any case in Baltimore on June 6, 2000."

The court summed up its reasons for the dismissal and default judgment as follows:

The court dismissed plaintiff's claims and denied the motion to vacate the dismissal for many reasons. First and foremost, the plaintiff has not appeared in this case since February 28, 2000. Plaintiff does not appear to have signed nor sworn to the answers that his counsel prepared in response to defendant's interrogatories. The undisputed claim by the defendant is that the documents that plaintiff submitted in response to defendant's request for production of documents were either nonresponsive or were unintelligible. Plaintiff did not participate in a face-to-face meeting in advance of the pretrial conference to discuss with the defendant and its attorney the parties' exhibits and outstanding trial issues. Plaintiff did not participate in the preparation of the parties' joint pretrial statement as required by the rules of this Court. Finally, plaintiff did not appear at the June 6 pretrial conference. The order dismissing plaintiff's claims without prejudice was the result of all of these factors. As stated earlier, it was this court's intention to reconsider this matter so long as it appeared that the plaintiff himself was available to pursue his claims.

Since that time, plaintiff has not once appeared in this matter, despite the court's express misgiving that plaintiff has abandoned his claims. Plaintiff was not present at the *ex parte* proof hearing nor has he appeared by way of affidavit or otherwise to express his desire to advance his claims since then. This court concluded that plaintiff was no longer interested in prosecuting this case, despite his attorney's zealous persistence.

The Court of Appeals has offered this court the opportunity, albeit not the duty, to "evaluate the authenticity of plaintiff's counsel's proffered reason for not appearing at the June 6 conference." As noted earlier, this court views counsel's reason for not appearing at the June 6 conference as nothing less tha[n] a willful fraud upon the court which has been addressed by the Office of Bar Counsel.

In light of this explanation, we hold that the trial court did not abuse its discretion in declining to vacate the dismissal and default judgment. *See Miranda v. Contr-*

*eras,* 754 A.2d 277, 279 (D.C.2000); *Lloyd F. Ukwu, P.C. v. Bell Atlantic–Washington, D.C., Inc.,* 652 A.2d 1109, 1110–11 (D.C.1995); *Dobbs,* 736 A.2d at 220; *Solomon,* 621 A.2d at 380. Accordingly, the judgment of the Superior Court is

*Affirmed.*