Jeremiah LESTER, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 01–CV–321.

District of Columbia Court of Appeals.

Submitted Feb. 21, 2002.

Decided Sept. 5, 2002.

Harry T. Spikes, Washington, DC, was on the brief for appellant.

Robert R. Rigsby, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, Edward E. Schwab, Senior Appellate Counsel, and Mary T. Connelly, Assistant Corporation Counsel, were on the brief for appellee.

Before FARRELL and WASHINGTON, Associate Judges, and KERN, Senior Judge.

WASHINGTON, Associate Judge:

Appellant, Jeremiah Lester, appeals from the denial of his Super. Ct. Civ. R. 60(b)(6) motion for relief from an order dismissing his civil complaint against the District of Columbia. Because our decisions do not support the severe remedy of dismissal in the circumstances of this case, we reverse and remand.

## I.

The facts of this case, for present purposes, are not in dispute. Appellant was the victim of an inmate-on-inmate assault on or about May 16, 1999, while incarcerated at the Youth Center in Lorton, Virginia. Counsel for appellant drafted—but did not purport to file—a civil complaint against the District alleging, *inter alia*, that the District was negligent with respect to its supervision of the inmates and that appellant's constitutional rights were violated. Counsel also prepared a motion for appellant to proceed *in forma pauperis* and, in August of 1999, submitted it along with a copy of the complaint to the Judge–in–Chambers. The motion was granted, and on August 10, 1999, unbeknownst to appellant or his counsel, the complaint was filed with the clerk of the Superior Court's Civil Division.

On that same day, the court issued its initial order setting the matter down for a scheduling conference on November 12, 1999. According to appellant's counsel, he never received notice of the scheduling conference and the court files indicated that the copy of the notice sent to appellant at Lorton was returned. When counsel for appellant failed to appear, the District filed an oral motion to dismiss the case pursuant to Super. Ct. Civ. R. 41(b). The trial court granted the motion and dismissed the case with prejudice. There is no indication in the record that notice of the dismissal was sent to either appellant or his counsel.

At some point during the month of August, appellant's counsel contacted the Judge–in–Chambers and was told that his papers could not be found. He contends that he engaged in several searches with the Civil Division clerk, as well as the clerk for the Judge–in–Chambers, and the documents could not be located. He apparently did not press the issue at that time because he planned to file a complaint at a later date after conducting some further investigation into his client's case. In November of 2000, appellant's counsel contacted the District of Columbia Office of Corporation Counsel to discuss settlement possibilities. It was at that time that he was informed that his case had been dis-

missed. On December 13, 2000, counsel filed a motion to reinstate the complaint which the trial court considered as a motion under Super. Ct. Civ. R. 60(b)[1] for relief from judgment. The motion was denied and this appeal was timely filed.

## II.

■■■ The power of a trial court to vacate a prior judgment or order, other than merely for clerical mistakes, is circumscribed by Super. Ct. Civ. R. 60(b). While we review the grant or denial of a motion under Rule 60(b) for abuse of discretion, *Venison v. Robinson,* 756 A.2d 906, 910 (D.C.2000), because there is a strong presumption favoring adjudication of the merits, we examine closely the trial court's refusal to set aside a default judgment. *Id.; see Johnson v. Lustine Realty Co.,* 640 A.2d 708, 709 (D.C.1994). When reviewing the denial of a motion to vacate a default judgment, we consider the particular facts of the case to determine whether the movant: (1) had actual notice of the proceeding; (2) acted promptly after learning of the default judgment; (3) proceeded in good faith; and (4) presented a *prima facie* adequate defense.[2] We also consider whether the nonmoving party would be prejudiced. *Id.* Applying those factors to the facts of this case, we conclude that the trial court erred when it denied appellant's motion for relief under Rule 60(b).

Regarding the first factor—whether the movant had actual notice—the trial court accepted appellant's assertions that neither he nor his counsel had actual notice of the scheduling conference. With respect to the second and third factors—whether counsel acted promptly and proceeded in good faith—the trial court concluded that (1) appellant's counsel had not acted diligently because fifteen months passed between the filing of his motion for permission to proceed *in forma pauperis* and the date he filed his motion to reinstate the complaint; and (2) because appellant's counsel had failed to diligently pursue his action, he had not acted in good faith. The validity of those conclusions, however, rests on the assumption that appellant and/or his counsel were aware that their complaint had been filed and that a scheduling order had been issued. The factual predicate for such a conclusion, however, was explicitly rejected by the trial court when it found that neither appellant nor his counsel had actual notice of the existence of the scheduling order or even were aware that the complaint had been filed. Even though the trial court's rationale for nonetheless finding a lack of diligence— that the attorney should have made more of an effort to find out what had happened to his complaint, is not unreasonable—the record and our preference for a trial on the merits make this an insufficient basis for termination of the case. *See Panici v. Rodriguez,* 689 A.2d 557 (D.C.1997) (reversing and remanding a denial to reinstate a case "because [appellant] never received the required notice of the dismissal of his case, explained why he did not appear at the initial scheduling conference, and acted promptly when he discovered the dismissal ...");  *Johnson v. Berry,* 658 A.2d 1051, 1053 (D.C.1995) (stating that "when the trial court rules on a Rule 60(b)

1. The District argues that this matter should have been considered under Rule 60(b)(1), which has a limitations period of one year and would have been time barred. We believe that the trial court properly considered this motion under Rule 60(b)(6) because the circumstances involved here do not fit easily into the Rule 60(b)(1) categories.

2. We agree with the trial court's determination that the fourth factor need not be addressed here because the plaintiff filed the instant motion.

motion arising from the case's dismissal because of a party's failure to appear at an initial hearing or pretrial conference, it must consider lesser sanctions"). Appellant filed a Rule 60(b) motion about a week after he found out that the default judgment had been granted. Accordingly, we believe that appellant acted promptly and proceeded in good faith.

Finally, the trial court found that there would have been clear prejudice to the District if it granted the motion because the Lorton Youth Center was closed, the witnesses had all been either released or transferred, and the conditions at the Youth Center could not be recreated for investigation in this matter. Because of the three-year statute of limitation for appellant to file his claim, however, the District would have faced similar challenges had the complaint originally been filed in December of 2000, when appellant became aware of the dismissal. Since that date was still within the three-year limitation period for the filing of such a lawsuit, we cannot conclude that the District would have been prejudiced had the motion been granted.

Accordingly, the judgment of the Superior Court is reversed and the case is remanded for further proceedings.

*So ordered.*