Felecia V. **BURTON**, Petitioner,

v.

**NTT CONSULTING, LLC**, Respondent.

No. 07–AA–538.

District of Columbia Court of Appeals.

Argued Sept. 24, 2008.
Decided Oct. 9, 2008.

Peter G. Wilson, a member of the New York Bar, with whom Barbara McDowell and Eric Angel were on the brief, for petitioner.

Eugene Souder, with whom Timothy J. Sessing and Christopher R. Wampler, Rockville, MD, were on the brief, for respondent.

Before PRYOR, WAGNER, and KING, Senior Judges.

PER CURIAM:

Petitioner Felecia Burton appeals from the Office of Administrative Hearings' (OAH) order denying her motion for relief from a final order denying her unemployment compensation. Burton argues OAH abused its discretion by denying the motion. We agree and remand the case to OAH for further proceedings.

## I.

Burton applied for unemployment compensation with the Department of Employment Services (DOES) after her employer, NTT Consulting, Inc. (NTT), terminated her for excessive absenteeism. A DOES claims examiner determined that such misconduct disqualified Burton from receiving unemployment compensation. At the bottom of the claims determination, the claims examiner certified that a copy of the claims determination was mailed to the claimant and to the employer on March 30, 2007. Although the claims examiner certified the claims determination was mailed on March 30, a notation on the top right corner of the document certified that another copy was mailed on April 13, 2007.[1] Burton acknowledges that the claims determination listed the address at which she was living at the time.

---

1. NTT asserts Burton attempted to create a "notice issue" when she asked DOES to send her a copy of the claims determination on April 13. We were unable to locate any concession by Burton that she requested another copy be mailed to her, much less extend the

A notice of appeal rights was attached to the claims determination. D.C.Code § 51–111(b) (2001) sets forth the deadline for filing an administrative appeal for unemployment compensation. The statute provides two alternative triggers for the ten-day appeal period and requires that "[t]he Director [of DOES] shall promptly notify the claimant and any party to the proceeding of its determination, and such determination shall be final within 10 days after the mailing of notice thereof to the party's last-known address *or in the absence of such mailing,* within 10 days of actual delivery of such notice." D.C.Code § 51–111(b) (emphasis added). The notice of appeal attached to the claims determination sets forth requirements consistent with the governing statutory provision.

On April 17, 2007, Burton appealed the claims examiner's determination to OAH, and OAH scheduled a hearing on the matter for May 9, 2007, at 10:30 a.m. The certificate of service contained in the scheduling order states that it was mailed on April 25, 2007. The address listed for Burton is the same one listed for her on the claims determination.

Neither Burton nor NTT appeared at the hearing, and neither party sent a representative. At some point later that day, Burton checked her post office box and discovered OAH's scheduling order. Upon realizing she could not attend the hearing, Burton called OAH to explain that she had received the scheduling order on the same day it was scheduled to take place. An OAH employee advised her to fax a letter explaining her situation, which Burton did the next day.[2] In her letter, Burton explained that she was not aware of the scheduling order until May 9, the scheduled date of the hearing, and that the order had not been in her post office box when she last checked it on May 3. Burton also said she had rented a post office box due to problems with mail delivery to her home address, to which the claims determination and scheduling order were addressed. OAH characterized Burton's letter as a "Motion for Reconsideration."

■ Apparently unaware of Burton's pending motion for reconsideration, the administrative law judge (ALJ) entered a final order on May 15, 2007, dismissing her appeal for lack of jurisdiction. The ALJ based his decision on the purported March 30, 2007, date of service, which gave Burton until April 9, 2007, to file her appeal. While the ALJ noted the April 13, 2007, date of re-mailing, he nevertheless concluded he could not determine the correct date of service because Burton did not appear at the hearing to explain why a copy of the claims determination was mailed again.[3]

ten-day appeal period. On the contrary, in her June 5, 2007, letter to OAH, Burton wrote that a DOES employee offered to mail her a copy of the claims determination after Burton had explained the problems she had with her mail delivery.

2. Burton states she sent the letter to OAH on May 9, 2007. Although the letter is dated May 9, it appears from the cover sheet, and from the date and time stamp from OAH's facsimile machine, that Burton sent the letter on May 10.

3. The ALJ also relied on the "rebuttable presumption that mail which has been correctly addressed, stamped and mailed has been received by the addressee." *Brown v. Kone, Inc.,* 841 A.2d 331, 334 (D.C.2004). As this court has held in several cases, however, a certificate of service attached to a DOES claims determination is insufficient proof of the date DOES mailed the determination in light of a claimant's assertion that she did not receive the determination until after the ten-day appeal period expired, if at all. *See, e.g., Chatterjee v. Mid Atlantic Reg'l Council of Carpenters,* 946 A.2d 352, 355 (D.C.2008); *Kidd Int'l Home Care, Inc. v. Dallas,* 901 A.2d 156, 158 (D.C.2006).

On June 5, 2007, Burton submitted a letter to OAH titled "Motion for Relief." In her letter, Burton again explained that she rented a post office box due to the delayed delivery of mail to her home address. Burton also said she believed once she had a post office box, mail would be delivered only to that address rather than to her home.

On June 13, 2007, the OAH issued an order denying Burton's motion for relief. In the order, the ALJ rejected Burton's explanation for her absence at the hearing and stated that Burton should have checked her post office box for the scheduling order more frequently. Although the ALJ recognized that the motion could be considered as one for relief from a final order under 1 DCMR § 2833.2, the administrative equivalent of Super. Ct. Civ. R. 60(b), he did not address the grounds for relief under that rule or why Burton could not satisfy them. Instead, the ALJ stated that Burton's motion, while timely filed, "stated no errors of law" and "raise[d] no substantive basis for relief."

## II.

### A.

Burton's sole assertion on appeal is that OAH erred in summarily denying her motion for relief without an inquiry as to whether her absence from the hearing constituted excusable neglect. Specifically, she contends the problems with delivery of her mail constitute excusable neglect within the meaning of § 2833.2 and Super. Ct. Civ. R. 60(b), and that the ALJ failed to more thoroughly analyze her reasons for failing to appear at the hearing. NTT relies on the ALJ's final order and responds that Burton failed to state a basis for relief from the final order. NTT further argues that Burton's problems with the postal service do not excuse her failure to appear at the hearing.

Section 2833.2 of Title 1 of the D.C. Municipal Regulations is the administrative counterpart to Super. Ct. Civ. R. 60(b). Like Rule 60(b), § 2833.2 provides, in relevant part, that an administrative court, upon a party's motion, may relieve that party from a final order for "mistake, inadvertence, surprise, or excusable neglect; ... or ... any other reasons justifying relief from the operation of the final order." The rule further states that relief may be provided "only to the extent it could be granted under the standards" of Super. Ct. Civ. R. 60(b).

In evaluating motions for relief from a final order under § 2833.2, an ALJ must consider "whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense." *Frausto v. United States Dep't of Commerce*, 926 A.2d 151, 154 (D.C.2007) (quoting *Nuyen v. Luna*, 884 A.2d 650, 656 (D.C.2005), and *Starling v. Jephunneh Lawrence & Assocs.*, 495 A.2d 1157, 1159–60 (D.C.1985)). OAH may also consider any resulting prejudice to the non-moving party. *Id.* at 154.

We review an agency's decision on a motion for relief under § 2833.2 for abuse of discretion, using the same standard for decisions on such motions made under Super. Ct. Civ. R. 60(b). *Frausto*, 926 A.2d at 155. "In exercising its discretion," OAH "must ... weigh [the strong judicial policy favoring adjudication on the merits of a case] against [the] strong policy favoring the finality of judgments." *Id.* at 154 (quoting *Nuyen*, 884 A.2d at 656). "[B]ecause of the policy favoring resolution of litigation on the merits, 'even a slight abuse of discretion in refusing to set aside a judgment may justify reversal.'" *Reid v. District of Columbia*, 634 A.2d 423, 424 (D.C.1993) (quoting *Starling*, 495 A.2d at 1159).

### B.

This case is remarkably similar to *Frausto, supra,* in which this court reversed OAH's order finding the claimant ineligible for unemployment compensation and remanded for a further factual inquiry. As in this case, the claimant in *Frausto* failed to appear for a hearing on her former employer's appeal to OAH. *Frausto,* 926 A.2d at 153. Three weeks after she received notice of the OAH ruling, the claimant moved for relief under § 2833.2. *Id.* at 154. She explained that a fire in her home less than a week earlier prevented her from living in her home, and thus, she did not receive the scheduling order until the scheduled hearing date. *Id.* The claimant also explained she had called OAH on the morning of the hearing to request a continuance. *Id.* Despite the ALJ's acknowledgment of the claimant's circumstances, the ALJ denied the motion for relief, concluding the motion was not timely and that the claimant did not show good cause excusing her failure to appear. *Id.* This court held the ALJ abused his discretion in denying the motion without meaningful consideration of the reasons for the claimant's absence. *Id.* at 157. In her petition to this court, Burton similarly argues the ALJ abused his discretion by refusing to conduct a factual inquiry concerning her explanation for her absence at the hearing and by failing to explain why she could not satisfy the grounds for relief under § 2833.2.

Stated simply, the record reflects that there was a failure by OAH to exercise discretion by assessing the factors prescribed in *Frausto, supra.* Accordingly, we remand this case for further proceedings consistent with this opinion.

*So ordered.*