Anthony G. THOMAS, Petitioner,

v.

NATIONAL CHILDREN'S CENTER, INC., Respondent.

No. 07–AA–826.

District of Columbia Court of Appeals.

Submitted Nov. 6, 2008.

Decided Dec. 11, 2008.

Anthony G. Thomas, pro se.

Charles F. Walters, Washington, DC, did not file a brief on behalf of respondent.

Before NEWMAN, PRYOR, and STEADMAN, Senior Judges.

PER CURIAM:

Petitioner seeks review in this court of a final order from the Office of Administrative Hearings (OAH) which dismissed petitioner's claim before the Department of Employment Services (DOES) for unemployment compensation. Petitioner's effort to review an initial adverse determination was deemed untimely. For the

reasons stated, we vacate the order of OAH and remand the case for further consideration.

## I.

Utilizing the internet, petitioner initially filed a claim for unemployment compensation on April 9, 2007. A DOES employee informed petitioner that it would take approximately three weeks for him to receive notice of a decision. DOES claims examiner Linda Sinclair certified that she mailed the determination letter on April 26, 2007. Petitioner states he did not receive the determination letter and called DOES on May 15, 2007, to speak with Ms. Sinclair. Ms. Sinclair had left the office for the day, and a DOES employee advised petitioner to visit Ms. Sinclair's office the following day. The next day petitioner was told that he needed an appointment to see Ms. Sinclair; petitioner called Ms. Sinclair and spoke with her on the telephone. Ms. Sinclair stated, "we mailed you a letter." When petitioner responded that he had not received the determination letter, Ms. Sinclair agreed to mail petitioner another copy. On May 21, 2007, petitioner called DOES because he had not received the determination letter. A DOES employee assured petitioner that he would receive the determination letter and asked petitioner to come to DOES to pick up the letter in person. On May 23, 2006, petitioner went to DOES and received the determination letter. Subsequently, a request for review of the adverse determination was dismissed as untimely and OAH approved the dismissal.

## II.

■ This court reviews OAH decisions to determine whether they are "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C.Code § 2–510(a)(3)(A) (2006). This court affirms an OAH final order when "(1) OAH made findings of fact on each materially contested issue of fact, (2) substantial evidence supports each finding, and (3) OAH's conclusions flow rationally from its findings of fact." *District of Columbia Dep't of Employment Servs. v. Vilche,* 934 A.2d 356, 360 (D.C.2007) (citing *Rodriguez v. Filene's Basement Inc.,* 905 A.2d 177, 181 (D.C.2006)). We cannot affirm an OAH final order when that order fails to fully address a material fact at issue. *See Cooper v. District of Columbia Dep't of Employment Servs.,* 588 A.2d 1172, 1176 (D.C.1991).

## III.

■ It is, of course, a basic premise that OAH lacks jurisdiction if a petitioner fails to file a notice of appeal within the ten-day statutory filing period. *See* D.C.Code § 51–111(b); *Lundahl v. District of Columbia Dep't of Employment Servs.,* 596 A.2d 1001, 1002–03 (D.C.1991). Notice "reasonably calculated to apprise petitioner of the decision" is a prerequisite to this jurisdictional bar. *Thomas v. District of Columbia Dep't of Employment Servs.,* 490 A.2d 1162, 1164 (D.C.1985) (internal quotations omitted). DOES satisfies this notice requirement where it mails a determination letter to the petitioner's correct address on the date certified. *See Chatterjee v. Mid Atlantic Regional Council of Carpenters,* 946 A.2d 352 (D.C.2008); *Kidd Int'l Home Care, Inc. v. Prince,* 917 A.2d 1083 (D.C.2007); *see also Bobb v. Howard Univ. Hosp.,* 900 A.2d 166, 167 (D.C.2006). Testimony regarding DOES internal mailing procedures can also demonstrate that DOES provided adequate notice. *See Thomas, supra,* 490 A.2d at 1164. Nonetheless, "[w]hen a party offers sufficient evidence to call the date of mailing into question, the ALJ must conduct a factual inquiry in order to evaluate the

timeliness of an appeal." *Chatterjee, supra,* 946 A.2d at 355.

Petitioner claims that he never received either the initial or the second determination letter. The Administrative Law Judge (ALJ) recognized that "[t]he two missing Determinations raised the possibility that perhaps Ms. Sinclair did not actually mail one or both of the Determinations." Nonetheless, the ALJ concluded that petitioner's testimony did not constitute "reliable evidence" sufficient to rebut the presumption that Ms. Sinclair mailed the first determination on April 26, 2007. We have not squarely held that a petitioner's testimony of nonreceipt is sufficient evidence to rebut the presumption that DOES mailed a petitioner's determination letter on the date certified. However, we have held that a petitioner's testimony regarding delayed receipt of notice of a hearing and prompt action to address the delayed receipt of notice counsel in favor of a hearing on the merits. *See Frausto v. United States Dep't of Commerce,* 926 A.2d 151 (D.C.2007); *Burton v. NTT Consulting, LLC,* 957 A.2d 927 (D.C.2008).

 In evaluating motions for relief from a final order under 1 DCMR § 2833.2, this court will consider whether an individual (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense. We will also consider prejudice to the non-moving party. *Frausto, supra,* 926 A.2d at 154 (citing *Nuyen v. Luna,* 884 A.2d 650, 656 (D.C. 2005)); *Burton, supra,* 957 A.2d at 927–28. Although the factors set forth in *Frausto* and *Burton* relate to a motion for relief, we believe they are also applicable to this case because "courts universally favor trial on the merits." *Starling v. Jephunneh Lawrence & Assocs.,* 495 A.2d 1157, 1159 (D.C.1985) (internal citations omitted). In addition, "the unemployment compensation statute is remedial in character ... and it must be construed accordingly." *Rhea v. Designmark Serv., Inc.,* 942 A.2d 651, 655 (D.C.2008). Therefore, the factors set forth in *Frausto* inform whether an ALJ should consider if a petitioner's testimony is sufficient to rebut the presumption that DOES mailed a determination letter on the date certified, and thus require further proof of the accuracy of the certificate.

Given petitioner's assertions regarding his non-receipt of notice of the initial determination, as well as the surrounding circumstances reflected in the record, the reliance on the evidentiary presumption provided by mailing the notice, *see Chatterjee,* in this instance, falls short of the substantial evidence needed to support the OAH ruling. We suggest that appropriate inquiry, exploring the factors noted in *Frausto,* would resolve the question appropriately, allowing this court to give due deference to the administrative decision. *Genstar Stone Products Co. v. District of Columbia Dep't of Employment Servs.,* 777 A.2d 270, 272 (D.C.2001).

Accordingly, we conclude that the final order must be vacated, and the case remanded for further proceedings.

*Vacated and remanded for further proceedings.*