*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-AA-02

MESKEREM GETACHEW, PETITIONER,

v.

OMNI SHOREHAM, RESPONDENT.

On Petition for Review of a Final Order of the
District of Columbia Office of Administrative Hearings
(DOES-2068-13)

(Submitted December 4, 2014                    Decided December 15, 2014)[*]

Meskerem Getachew filed a brief *pro se*.

No brief was filed on behalf of respondent.

Before FISHER and BLACKBURNE-RIGSBY, *Associate Judges*, and FERREN, *Senior Judge*.

PER CURIAM: Petitioner Meskerem Getachew seeks review of the Office of Administrative Hearings (OAH)'s order dismissing her appeal from the denial of her claim for unemployment benefits. Petitioner argues that OAH erred in its

---

[*] The decision in this case was originally issued as an unpublished Memorandum Opinion and Judgment. It is now being published upon the court's grant of the Office of Administrative Hearings' motion to publish.

determination that she did not timely appeal the Department of Employment Services (DOES)'s denial of benefits.  We affirm.

**I.**

Petitioner was fired from her position at respondent Omni Shoreham Hotel on August 9, 2013, after an unexcused absence.  She applied for unemployment compensation, which DOES denied in a determination letter mailed on September 19, 2013.  Petitioner acknowledged that the letter was dated September 19, 2013, but did not know when she received it because she was ill and "emotionally stressed out" and depressed following the loss of her job.  Petitioner appealed the denial of compensation on October 29, 2013, outside of the statutory fifteen-day filing period for appeals to OAH.[1]

After a hearing, the administrative law judge issued a written final order. The judge concluded that DOES mailed the determination letter on September 19, 2013; that petitioner received the determination letter and notice of appeal rights; that petitioner was aware of the fifteen-day appeal deadline; and that petitioner was, therefore, able to file the appeal in a timely manner.  Applying the appropriate

_____

[1] D.C. Code § 51-111 (b) (2012 repl.).

factors, the judge concluded that petitioner failed to demonstrate good cause or excusable neglect for the untimely filing of her notice of appeal and dismissed petitioner's case for lack of jurisdiction. Petitioner timely filed notice of appeal to this court.

## II.

This court's review of an OAH order is "limited"; the court "must affirm unless the decisions of OAH, are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"[2] Because petitioner did not timely file her notice of appeal to OAH and the judge did not act arbitrarily or capriciously, abuse his discretion, or otherwise err in concluding that petitioner failed to demonstrate "excusable neglect or good cause"[3] for filing late, we affirm.

Notice of appeal of a determination of a claim for unemployment compensation must be filed within fifteen calendar days after notice of the

---

[2] *Savage-Bey v. La Petite Acad.*, 50 A.3d 1055, 1060 (D.C. 2012) (quoting *Thomas v. Nat'l Children's Ctr., Inc.*, 961 A.2d 1063, 1065 (D.C. 2008)).

[3] D.C. Code § 51-111 (b).

determination is mailed.[4]  However, a claimant may cure a late filing and seek to extend the fifteen-day deadline if she can show "excusable neglect or good cause."[5]  Whether a late filing is the result of "excusable neglect" depends on "'the length of the delay and its potential impact on [the] proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"[6]

It is undisputed that, by filing her notice of appeal on October 29, 2013, petitioner filed more than fifteen days after the determination letter was mailed to her on September 19, 2013.  Additionally, the judge painstakingly evaluated whether, under all of the circumstances she presented, petitioner demonstrated "excusable neglect or good cause."  First, the judge concluded that petitioner's self-claimed depression did not constitute good cause because there was no evidence that she was unable to timely file her notice of appeal.  Second, the judge applied all of the relevant factors for evaluating excusable neglect, concluding that petitioner was the cause of the delay, that petitioner did not act in good faith

---

[4]  *Id.*

[5]  *Id.*

[6]  *Savage-Bey*, *supra*, 50 A.3d at 1061 (alteration in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).

because she provided no medical evidence of depression, that the delay was more than twice the filing period, and that the delay did not cause prejudice to respondent. Considering those factors, the judge concluded that petitioner did not demonstrate "excusable neglect." Accordingly, we cannot conclude that the judge's decision was "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'"[7] We, therefore, affirm.

*So ordered.*

---

[7] *Id.* at 1060 (quoting *Thomas*, *supra*, 961 A.2d at 1065).