*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-AA-949

SANDRA JOHNSON, PETITIONER,

V.

PRECISION SYSTEMS, INC., RESPONDENT.

On Petition for Review of an Order of the
District of Columbia Office of Administrative Hearings
(DOES-1455-19)

(Arabella W. Teal, Administrative Law Judge)

(Submitted October 20, 2020          Decided December 16, 2021)

Sandra Johnson, *pro se*.

Respondent Precision Services, Inc., did not file a brief.

*Marian Messing* and *Jonathan H. Levy* filed a brief on behalf of the Legal Aid Society of the District of Columbia as *amicus curiae* in support of petitioner.

Before BECKWITH and MCLEESE, *Associate Judges*, and NEBEKER, *Senior Judge*.

BECKWITH, *Associate Judge*: In 2016, Sandra Johnson was fired from Precision Systems, Inc., and the District of Columbia Department of Employment Services (DOES) determined that she was qualified to receive unemployment

insurance benefits. Precision Systems requested a hearing before an administrative law judge (ALJ), and the Office of Administrative Hearings (OAH) sent notice to the parties that it would hold a hearing within two weeks. Ms. Johnson moved for a continuance, as she was leaving the country the next day. After Ms. Johnson had left the country, OAH denied her continuance, held the hearing with only a representative from Precision Systems present, reversed the agency's initial determination, and denied Ms. Johnson unemployment benefits. Upon returning to the country, Ms. Johnson filed a motion for reconsideration. The ALJ denied that motion. Ms. Johnson filed a petition for review, in which she is supported by the Legal Aid Society of the District of Columbia as amicus curiae.[1] For the reasons stated in this opinion, we vacate OAH's order and remand for a hearing on the merits.

## I.

Ms. Johnson worked for Precision Systems for six years before being fired in 2019 for allegedly (1) failing to work agreed-upon hours; (2) making personal phone calls on the job; (3) failing to give proper notice when scheduling time off; and (4) conducting private notary business on company time. Ms. Johnson disputed these allegations and sought unemployment benefits. DOES determined that Ms. Johnson

---

[1] Precision Systems has not filed a brief.

was "qualified to receive unemployment insurance benefits," noting that Precision Systems "did not provide sufficient evidence to show the claimant engaged in misconduct." Precision Systems requested a hearing before an ALJ and two days later, OAH sent notice to the parties that it would hold a hearing in less than two weeks—on September 24, 2019. Three days after OAH sent the notice to the parties, Ms. Johnson emailed OAH stating that she had a trip planned for over a year, she was leaving the next day, and she would be gone for two weeks, meaning that she could not attend the hearing as scheduled. Ms. Johnson requested a continuance for nine days and agreed to "a new date anytime after October 2, 2019." Ms. Johnson also stated that she would send an email to Precision Systems that day.

The next day, Ms. Johnson left the country. Three days after that, Precision Systems filed an opposition to the continuance, giving no explanation for its position. The ALJ denied Ms. Johnson's request for the nine-day continuance. On September 24, 2019, a hearing was held without Ms. Johnson at which Precision Systems presented several exhibits and testimony from its director. Two days after the hearing, the ALJ issued a Final Order reversing DOES's initial determination and denying Ms. Johnson unemployment benefits on the basis of gross misconduct. The ALJ found that Ms. Johnson had engaged in willful misconduct when she was repeatedly late for work after being warned about tardiness and when she conducted personal notary business on company time. The ALJ concluded that these two

categories of willful misconduct rose to the level of gross misconduct based on evidence that it was "ongoing" and based on the ALJ's "infer[ence] from the evidence" that Precision Systems "had to spend a significant amount of time dealing with the practical results of Claimant's attendance issues." The ALJ also inferred that Ms. Johnson's "behavior created morale issues for other staff."

On October 2, 2019—the day after Ms. Johnson said she would return to the country—Ms. Johnson filed a motion for reconsideration, explaining that she had been unable to attend the hearing because she "was out of the country and did not have access to the internet." Ms. Johnson contended that the final order was "unfair because [she] was not given the opportunity for [her] voice to be heard," that the reasons Precision Systems gave for firing her were false, and that she wished to present witnesses in her defense. Ms. Johnson stated that she recalled events differently from the lone witness for Precision Systems and asked for the "opportunity to be heard."

The ALJ denied Ms. Johnson's motion for reconsideration. The ALJ found: (1) that Ms. Johnson's "existing vacation plans" did not constitute a "good reason" for her failure to attend the hearing because "the need to hold the hearing as scheduled was by any reasonable estimate far more important than giving [Ms. Johnson] the opportunity to go on vacation"; (2) that Ms. Johnson did not act in good

faith because she left the country knowing that "her request to change the date was still undecided"; (3) that Precision Systems would be prejudiced by reconsideration because it would have to send an employee to another hearing; and, "[m]ost importantly," (4) that "the record contains no suggestion that [Ms. Johnson] has a 'substantial claim or defense,' which means that holding another evidentiary hearing has almost no chance of changing the outcome of the case." Specifically, the ALJ stated that given "the very specific and voluminous evidence presented by Employer . . . it seems doubtful that [Ms. Johnson] could present evidence" that her 105 alleged late arrivals "were not willful or deliberate, or resulted from circumstances out of her control."

## II.

We review OAH's decisions to determine if they are "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." D.C. Code § 2-510 (a)(3)(A) (2012 Repl.). We conclude that on this record, the ALJ erred in two respects in denying Ms. Johnson's motion for reconsideration and that those errors warrant reversal and a new hearing on the merits.

At the outset, we agree with Legal Aid that the ALJ erred in concluding that it could not grant Ms. Johnson a new hearing unless she established one of the five specific reasons for granting reconsideration under the governing regulation, 1

DCMR § 2828.5 (2016). Specifically, the ALJ construed the regulation as one that set forth a restricted list of bases for reconsideration, stating that "[r]econsideration of a Final Order may be granted *only* in cases where [these] conditions are met." That conclusion conflicts with the terms of the regulation itself. Section 2828.5 provides that if a party files a timely motion for reconsideration, "the Administrative Law Judge may change the final order or schedule a new hearing *for any reason including, but not limited to, the following*," then goes on to list five grounds, including that "[t]he party filing the motion did not attend the hearing, has a good reason for not doing so, and states an adequate claim or defense." 1 DCMR § 2828.5 (emphasis added). The ALJ's misinterpretation of her authority to grant reconsideration is in itself a basis for remand. *See Littman v. Cacho*, 143 A.3d 90, 93–94 (D.C. 2016); *cf. District of Columbia v. Stokes*, 785 A.2d 666, 670 (D.C. 2001).

Second, the ALJ made certain findings in the course of considering the so-called *Frausto* factors that were not in accordance with the law or that amounted to an abuse of discretion. *See Frausto v. U.S. Dep't of Com.*, 926 A.2d 151, 154 (D.C. 2007) (setting forth five factors an ALJ should consider when ruling upon a motion for reconsideration). In *Frausto*, this court reversed OAH's denial of a request for reconsideration of a final order denying unemployment benefits, holding that when ruling upon a motion for reconsideration, OAH must consider the same factors

applicable to motions under Superior Court Rule 60(b): "whether the movant (1) had actual notice of the proceedings; (2) acted in good faith; (3) took prompt action; and (4) presented an adequate defense." *Id.* (quoting *Nuyen v. Luna*, 884 A.2d 650, 656 (D.C. 2005)). "Prejudice to the non-moving party" is also a relevant consideration under *Frausto*. *Id.* (quoting *Nuyen*, 884 A.2d at 656).[2]

---

[2] The regulation at issue in *Frausto* has been repealed and replaced, and the current regulation, § 2828.5, does not limit the reasons for granting reconsideration to those factors applicable to Rule 60(b) motions. *Frausto* involved 1 DCMR § 2833.2 (2004), which read:

> On motion and upon such terms as are just, this administrative court may relieve a party or a party's legal representative from a final order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 2831; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the final order is void; (5) a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the final order. Relief under this Section may be granted only to the extent it could be granted under the standards of D.C. Superior Court Civil Rule 60.

In 2011 the regulations were amended. The regulation pertaining to requests for reconsideration, a new hearing, or relief from final order now appears in 1 DCMR § 2828.5 (2016), which reads:

> If any party files a motion for reconsideration or for

In the view of the ALJ, the most important factor in the analysis was whether

Ms. Johnson had stated an "adequate claim or defense" in her motion for

> a new hearing before a final order is issued or within the ten (10) calendar day deadline of Subsection 2828.3, and where substantial justice requires, the Administrative Law Judge may change the final order or schedule a new hearing for any reason including, but not limited to, the following:
>
> (a) The party filing the motion did not attend the hearing, has a good reason for not doing so, and states an adequate claim or defense;
>
> (b) The party filing the motion did not file a required answer to a Notice of Infraction or Notice of Violation or did not file some other required document, has a good reason for not doing so, and states an adequate claim or defense;
>
> (c) The final order contains an error of law;
>
> (d) The final order's findings of fact are not supported by the evidence; or
>
> (e) New evidence has been discovered that previously was not reasonably available to the party filing the motion.

We need not address the extent to which the analysis contained in *Frausto*, which the ALJ applied, would govern a § 2828.5 motion for reconsideration as no party has briefed the matter and as it would not affect the result in this case.

reconsideration. The ALJ concluded that "the record contains no suggestion that [Ms. Johnson] has a '*substantial* claim or defense,'" which means that holding another evidentiary hearing has almost no chance at changing the outcome of the case." Both *Frausto* and the explicit language of DCMR § 2828.5 require an "adequate" defense—a term that *Frausto* makes clear does "not require[] that the moving party show a likelihood of success on the merits." *Frausto*, 926 A.2d at 157.[3] Instead, "[a]ll that is required is that the moving party provide reason to believe vacating the judgment will not be an empty exercise or a futile gesture." *Id.* (internal quotation marks omitted). *Frausto* makes clear, moreover, that if a claimant is required to make a prima facie case in their motion for reconsideration, success before the DOES is "sufficient to satisfy that requirement." *Id.* at 157–58.

Here, as in *Frausto*, DOES determined that Ms. Johnson was entitled to unemployment benefits. That finding is sufficient to make a prima facie showing of entitlement to unemployment benefits and is more than enough to meet the low burden in *Frausto*. "Although the Claims Examiner's determination is not entitled to deference at the subsequent OAH review hearing, it nevertheless provided

---

[3] The ALJ purported to consider the strength of Ms. Johnson's showing in analyzing the *Frausto* factors, and there is no suggestion that "adequate claim or defense" in DCMR § 2828.5 requires something more than the prima facie showing of entitlement we considered in *Frausto*.

information that [the claimant] had a different version of events surrounding her failure to report for work than the employer presented at the hearing." *Id.* at 158 (footnote omitted). For purposes of a motion for reconsideration, "no additional showing was required to support the conclusion that vacating the order would not be a futile gesture." *Id.* This error on the issue deemed most important to the ALJ—in addition to at least two other factors weighing in Ms. Johnson's favor[4] and the employer's failure to participate in these proceedings[5]—persuades us that a remand

---

[4] The ALJ acknowledged that Ms. Johnson was prompt in seeking reconsideration and weighed that factor in her favor. With respect to good faith, the ALJ's determination that Ms. Johnson was not acting in good faith is not supported by substantial evidence. There is no evidence in the record that Ms. Johnson did not believe that the continuance that she sought well in advance of the hearing and in light of an international vacation she had been planning for over a year would be granted. The ALJ's determination that Ms. Johnson "deliberate[ly] flout[ed] . . . the Order denying [the] request for a different hearing date" is not supported by substantial evidence; unchallenged evidence in the record provides that when the order was issued, Ms. Johnson was "out of the country" without "access to the internet" until after the hearing. As to the first *Frausto* factor, Ms. Johnson cannot and does not contend that she never received actual notice of the hearing. But here, too, it is relevant that Ms. Johnson promptly filed a continuance motion stating a valid basis for a limited continuance. *Cf. Wylie v. Glenncrest*, 143 A.3d 73, 85 (D.C. 2016) (noting that notice of a scheduled hearing is "not the end of the Rule 60(b) actual notice inquiry," because in the context of a "movant's failure to appear at a particular hearing, . . . the actual notice factor asks whether that failure to appear *resulted from the movant's deliberate neglect of her litigation responsibilities*" (emphasis added)).

[5] *See Rhea v. Designmark Serv., Inc.*, 942 A.2d 651, 656 (D.C. 2008) (relying on "the lack of participation of the employer in litigating the jurisdictional issue or any other aspect of the case" in vacating an OAH decision denying unemployment

is in order.

For the foregoing reasons, we vacate OAH's order and remand for a hearing on the merits of Ms. Johnson's claim for unemployment compensation.


*So ordered.*

---

benefits); *Kidd Int'l Home Care, Inc. v. Prince*, 917 A.2d 1083, 1088–89 (D.C. 2007) (holding that a claimant's failure to participate in the proceedings weighed in favor of reversing a default award of unemployment compensation).